J-S33036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FATIMAH MUHAMMAD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMJAD ALI, M.D. | |
| Appellee | No. 1646 WDA 2015 |

Appeal from the Order September 23, 2015
In the Court of Common Pleas of Erie County
Civil Division at No(s): 12078-2011

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 4, 2016**

Appellant, Fatimah Muhammad, appeals *pro se* from the order entered in the Erie County Court of Common Pleas, which granted the motion of Appellee, Amjad Ali, M.D., for preclusion of expert testimony at trial and for summary judgment.  We affirm.

In its opinion, the trial court fully set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> WHETHER THE TRIAL COURT COMMITTED ERROR OF LAW WHEN EMPLOYING THE WRONG STANDARD OF REVIEW WHEN DETERMINING TO GRANT APPELLEE'S REQUEST TO [PRECLUDE APPELLANT FROM PRESENTING] EXPERT TESTIMONY AND [GRANTING APPELLEE'S] MOTION FOR SUMMARY JUDGMENT…UNDER PA.R.[C].P. 1042.28?

_____

*Former Justice specially assigned to the Superior Court.

WHETHER THE TRIAL COURT COMMITTED ERROR OF LAW UNDER THE LAW OF THE CASE DOCTRINE WHEN ENTERING A NEW AMENDED CASE MANAGEMENT ORDER, ORDERING APPELLANT TO FILE A SUBSEQUENT EXPERT REPORT[,] WHICH ARBITRARILY PREJUDICE[D] THE DISMISSAL OF APPELLANT'S CASE BY SUMMARY JUDGMENT?[1]

(Appellant's Brief at 5).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344,

_____

[1] Appellant's second issue appears to implicate the coordinate jurisdiction rule, which states: "[J]udges of coordinate jurisdiction sitting in the same case should not overrule each [other's] decisions." *Commonwealth v. Starr*, 541 Pa. 564, 573, 664 A.2d 1326, 1331 (1995). "[T]his coordinate jurisdiction rule falls squarely within the ambit of a generalized expression of the 'law of the case' doctrine. This doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Id.* at 574, 664 A.2d at 1331. "Further, the limitations on the law of the case doctrine and on the coordinate jurisdiction rule are virtually identical…. Departure from either of these principles is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Id.* at 575-76, 664 A.2d at 1332. Here, Appellant asserts the trial court wrongly ordered Appellant to file an expert report after she had already filed a certificate of merit. Appellant, however, confuses the filing a certificate of merit and the necessity for submitting a medical expert report during discovery, which are distinct requirements in a medical malpractice case. As presented Appellant's argument on the application of the coordinate jurisdiction rule/law of the case doctrine is misplaced. Therefore, we give Appellant's second issue no further attention.

347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment,

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be

established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

As a general rule, "the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons"; therefore, "a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573 Pa. 245, 255, 824 A.2d 1140, 1145 (2003).

The expert testimony requirement in a medical malpractice action means that a plaintiff must present medical expert testimony to establish that the care and treatment of the plaintiff by the defendant fell short of the required standard of care and that the breach proximately caused the plaintiff's injury. Hence, causation is also a matter generally requiring expert testimony. A very narrow exception to the requirement of expert testimony in medical malpractice actions applies where the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension of even non-professional persons, …also conceptualized as the doctrine of *res ipsa loquitur*.

*Id.* "The doctrine of *res ipsa loquitur* is a rule of circumstantial evidence

which allows plaintiffs, without direct evidence of the elements of negligence, to present their case to the jury based on an inference of negligence." ***MacNutt v. Temple University Hosp., Inc.***, 932 A.2d 980, 988 (Pa.Super. 2007) (*en banc*), *appeal denied*, 596 Pa. 708, 940 A.2d 365 (2007). This doctrine cannot be employed "simply because the treatment caused injury or failed to yield the expected result. Courts have continually stated that an injury alone is insufficient to prove negligence in medical malpractice cases." ***Toogood, supra*** at 256, 824 A.2d at 1146. In medical malpractice cases, this doctrine is reserved for extraordinary circumstances where no explanation other than defendant's negligence exists. ***See, e.g., Quinby v. Plumsteadville Family Practice, Inc.***, 589 Pa. 183, 907 A.2d 1061 (2006) (holding evidence supported *res ipsa loquitur* jury instruction, where quadriplegic patient who was left unaccompanied on medical examination table that lacked safety rails or other restraints, after surgical procedure, fell from table and suffered severe injuries, which purportedly resulted in his death; evidence sufficiently eliminated other responsible causes of plaintiff's injuries). Evidentiary decisions such as the ones involved in the present case are generally within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or misapplication of the law. ***Stumpf v. Nye***, 950 A.2d 1032, 1035-36 (Pa.Super. 2008), *appeal denied*, 599 Pa. 711, 962 A.2d 1198 (2008).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable John A. Bozza, we conclude Appellant's remaining issue merits no relief. The trial court opinion carefully discusses and properly disposes of Appellant's remaining question. (*See* Trial Court Opinion, filed September 23, 2015, at 3-9) (finding: Appellant failed to comply with case management orders or repeated discovery requests, despite numerous opportunities and extensions given her to overcome serious procedural deficiencies in her case; ultimately, Appellant did not provide qualified medical expert report to sustain her allegations of negligence; Appellant's claims implicated sophisticated medical judgment and skill that required professional medical evaluation; jury would be unable to conclude without expert testimony that Appellee's actions or omissions led to Appellant's alleged injuries; Appellant did not meet her burden to show, at this juncture of case, existence of any material issues of fact to justify going to trial without expert opinion or any other evidentiary manifestations of what actually occurred during course of medical care at issue, other than assertions contained in her initial pleading; Appellee was entitled to ascertain with some certainty the exact nature of case against him within reasonable time; Appellee waited four years since case was instituted and seven years since alleged incident of medical negligence; absent medial expert report, Appellant was properly precluded from going forward to trial without expert opinion/testimony; under these circumstances, summary judgment in Appellee's favor was warranted). We

agree. The allegations in this case required expert opinion. Absent an expert report, Appellant could not make out a *prima facie* case of medical negligence. Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016

FATIMAH MUHAMMAD,
                          Plaintiff

V

AMJAD ALI, M D ,

                          Defendant

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYVLANIA
CIVIL DIVISION

NO  12078-2011

2015 SEP 23  PM 3:34
CLERK OF RECORDS
PROTHONOTARY
COMMON PLEAS COURT
ERIE, PA

## MEMORANDUM

This medical negligence action arises out of care and treatment which took place in June of 2008   The plaintiff, Fatimah Muhammad, initiated the action by Writ of Summons on June 8, 2011 and subsequently filed a Complaint on September 26, 2011.  On June 23, 2008, the plaintiff underwent a laparoscopic cholecystectomy, an intraoperative cholangeiogram and a liver biopsy, all performed by defendant Amjad Ali, M.D.

Muhammad alleges that Dr. Ali negligently performed the June 23, 2008 surgery. Specifically, it is alleged that Dr. Ali was negligent in improperly placing surgical clips, in failing to switch to an open procedure from a laparoscopic procedure when he encountered difficulty in properly identifying anatomy, and in failing to appreciate and treat plaintiff's post-operative complaints of pain. The plaintiff further alleges that Dr. Ali's obstruction of the right hepatic duct necessitated an open right hepatic lobectomy and resection of the bile duct, which led to chronic gastrointestinal illness, accelerated decompensation of her liver, and aggravation of her Hepatitis C, among other things   Finally, plaintiff Muhammad alleges that she repeatedly developed ascites, which requires paracentesis, and that she is currently on the liver transplant waiting list as a result.

On March 26, 2012, the plaintiff's former counsel filed a Motion for Leave to Withdraw as Counsel for the Plaintiff   On April 4, 2012, the Court entered an Order granting him leave to

A TRUE COPY ATTEST

_____
                          PROTHONOTARY

withdraw and staying the case for a period of 60 days. On July 9, 2012, the Court issued an Order requiring the plaintiff to file a Certificate of Merit "prepared by a qualified physician, detailing that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." In response, on July 20, 2012, the plaintiff filed a Certificate of Merit signed by herself, stating that she had in her possession a writing setting forth such a statement. The Court ruled that plaintiff's Certificate of Merit was sufficient to meet the requirements of Pa. R.Civ.P. 1042 3(a)(1)

On April 9, 2013, the Court entered an Amended Case Management Order which provided that "plaintiff's expert reports shall be filed by August 31, 2013." On May 9 , the defendant served a Request to the plaintiff for Production of Expert Reports pursuant to Pa.R.Civ.P. 1042 28. No report was provided by Ms Muhammad by the November 25, 2013 deadline On June 19, 2013, she filed a "Motion to Seek a Determination by the Court as to the Necessity of Filing a Certificate of Merit" Although styled as a motion seeking an Order concerning the necessity of a Certificate of Merit, Ms. Muhammad was actually asking the Court to rule that she did not have to present expert testimony at the time of trial.[1]

On July 7, 2014, Dr. Ali filed a Motion to Compel Production of Expert Report and on May 20, 2015 after briefing and oral argument, the Court denied Ms. Muhammad's Motion not to present expert testimony and granted Dr. Ali's Motion to Compel Production of Expert Report. The Court directed that plaintiff Muhammad produce an expert report supporting her claims within thirty days of its ruling, or by June 19, 2015 On June 1, 2015, the plaintiff filed a

---

[1] The prosecution of this case was delayed at various times due to Ms Mohamed's concern for her ability to proceed for health related reasons There was also delay attributable to her dispute with her former counsel that necessitated a hearing on a Motion for Sanctions

2

Motion for Reconsideration of Court Order and to Allow Plaintiff to Proceed in Trial Proceeding Pursuant to 328D of Restatement (Second) of Torts Act *Res Ipsa Loquitur*, asking the Court to permit her to proceed to trial under the doctrine without the need to present expert testimony. This Court denied her motion.

The plaintiff also filed a Motion for Extension of Time to File Expert Opinion Pursuant to Pa.R.Civ.P. 1043 3(3)(d), in which she stated that she had "enlisted the legal aid of counsel to investigate her case and to obtain an expert opinion" and that counsel was in need of a thirty-day extension of time. The Court issued an Order on June 17, 2015, denying the Motion for Extension of Time without prejudice to plaintiff's new counsel filing such a request within seven days, or by June 24, 2015   As of date of this opinion, new counsel has not filed an appearance nor requested an extension of time to provide an expert report.

Under the April 9, 2013 Amended Case Management Order, plaintiff's expert reports were due by August 31, 2013, pursuant to Defendant's Request to Plaintiff for Production of Expert Reports pursuant to Pa.R.Civ.P. 1042 28(b), plaintiff's expert reports were due by November 25, 2013, and under the May 20, 2015 Court Order, plaintiff's expert reports were due by June 19, 2015   As of this date the plaintiff has not produced any expert report to support her medical negligence claims against Dr. Ali. Accordingly for the reasons set forth below, the defendant's Motion to Preclude Expert Testimony and Motion for Summary Judgment will be granted

## Discussion

### A. Failure to Provide an Expert Report

A party who has not received an expert report required by Rules of Civil Procedure is entitled to seek a report by filing a motion. Pa.R.Civ.P. 1042 31(a). If granted the court must

3

give the party a reasonable time to produce the report, *Id.* Here Dr. Ali filed such a Motion, it was granted and the plaintiff was given thirty days to produce a report that had been initially requested in 2013. Although the plaintiff's motion for an extension of time to file the report was denied, the court provided that new counsel, whom Ms. Muhammad alleged she had obtained, could do so within seven days. No report was filed and no new counsel entered an appearance in the case. A party who fails to file a report as required by the court may be precluded from introducing expert testimony at the time of trial. Pa. R. Civ. P. 1042 31(b). The defendant's request to bar the introduction of a report was is now before the court along with a request the entry of summary judgment.

On April 9, 2013, the Court entered an Amended Case Management Order which provided that "Plaintiff's expert reports shall be filed by August 31, 2013" and thereafter on May 9, 2013 the defendant, served a Request to Plaintiff for Production of Expert Reports and pursuant to Pa. R. Civ. P. 1042 28, Ms Muhammad's expert reports were required no later than November 25, 2013. Pa. R. Civ. P. 1042 28(b) (A plaintiff shall file an expert report within 180 days of such a request).

No such report was forthcoming and on July 7, 2014, Dr. Ali filed a Motion to Compel Production of Expert Report. After a considerable delay largely due ⟨ ⟩ Ms. Muhammad's health concerns, after briefing and oral argument, the Court granted Dr Ali's Motion to Compel Production of Expert Report and denied Ms. Muhammad's Motion not to present expert testimony. The Court directed that plaintiff produce an expert report supporting her claims within thirty days of its ruling, or by June 19, 2015. She didn't do so and has not done so to date. Although her request for reconsideration was denied, the Court provided that her new counsel, who she claimed was investigating her case, could file a request for an extension; nothing further transpired.

4

The defendant's original request would have required that the expert report should have been provided more than 18 months ago. It is evident that the plaintiff has no intention to file such a report and now claims that the nature of the alleged malpractice is such that expert testimony is not required. Despite multiple opportunities and ample time, the plaintiff has failed to comply with the requirements of procedural law and therefore, pursuant to Pa. R. Civ. P. 1042 31(b), the Plaintiff shall be precluded from presenting expert medical testimony at the time of trial.

The preclusion of evidence is not a decision taken lightly by the court. Here it is not simply a matter of punishing a litigant for her failure to follow a procedural rule but rather looking at the larger picture comprised of a long and involved procedural history in which the plaintiff has been given numerous opportunities to overcome a number of procedural deficiencies. This included giving Ms Muhammad a number of opportunities during the earlier portion of the case to file an appropriate certificate of merit and to secure new counsel when her initial attorney could not secure a favorable expert review of her case. Ultimately it was evident that the plaintiff was not in a position to provide a report of a qualified expert supporting her position and that such a report would not be forthcoming in the future. The defendant is entitled to ascertain with some certainty the exact nature of the case against him within a reasonable time frame. In that regard Dr. Ali has waited approximately four years with seven years having passed since the alleged incident of medical negligence.

## B. Summary Judgment

Under the Rules of Civil Procedure governing summary judgment, the non-moving party must adduce sufficient evidence on an issue essential to her case, and on which she bears the burden of proof, such that a jury could return a verdict in their favor. Pa. R Civ. P. 1035 2. The

5

non-moving party may not rest upon mere allegations in the pleadings, but must identify evidence in the record establishing the facts essential to the cause of action. Pa.R.Civ.P. 1035 3(a), *Ertel v Patriot News Co*, 544 Pa 93, 674 A 2d 1038 (Pa. 1996), *cert denied*, 519 U.S. 1008 (1996). Summary judgment is appropriate when the plaintiff is unable to satisfy an element necessary to her cause of action. *Fessenden v Robert Packer Hospital*, 97 A 3d 1225, 1229 (Pa. Super. 2014), *appeal denied*, 113 A 3d 280 (Pa 2015), citing *Young v DOT*, 744 A 2d 1276, 1277 (Pa. 2000).

*Res ipsa loquitur* is a rule of evidence permitting an inference of negligence from the circumstances surrounding the injury. *Quinby v Plumsteadville Family Practice, Inc*, 907 A 2d 1061, 1071 (Pa. 2006). The question arises as to the sufficiency of the evidentiary record to allow a jury to infer the professional negligence of a physician. In *Gilbert v Korvette, Inc.*, 457 Pa 602, 327 A 2d 94 (1974), this Court adopted the *res ipsa loquitur* as articulated in the Restatement (Second) of Torts § 328D.

Under § 328D it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

> (a) the event is of a kind which ordinarily does not occur in the absence of negligence,
>
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence, and
>
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff

*See, Toogood v Togal*, 824 A 2d 1140, 1149-50 (Pa. 2003) (holding that before the *res ipsa loquitur* doctrine may be invoked, plaintiff must meet the three elements of § 328D).

In a medical malpractice case, a plaintiff must establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the

6

harm suffered, and that the damages sustained were a direct result of harm. *Vazquez v CHS Professional Practice, P C*, 39 A 3d 395, 397-98 (Pa. Super. 2012), citing *Hightower-Warren v Silk*, 698 A 2d 52, 54 (Pa. 1997)). "With all but the most self-evident medical malpractice actions, there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation." *Vazquez v CHS Professional Practice, P C*, 39 A 3d 393, 397-98 (Pa. Super. 2012), citing *Quinby v Plimsteadville Family Practice*, Inc, 907 A 2d 1061, 1070-71 (Pa. 2006).

In general and at the heart of any medical malpractice case, a plaintiff must prove by expert testimony the prevailing standard of medical care accepted by the medical profession. *Catlin v Hamburg*, 56 A 3d 914, 920 (Pa. Super. 2012), *appeal denied*, 74 A 3d 124 (Pa. 2013), *Grossman v Barke*, 868 A 2d 561, 566 (Pa. Super. 2005). Secondly, expert testimony is required to establish that the professional conduct of the defendant deviated from and fell below such standard. *Grossman*, 868 A 2d at 566; *Yacoub v Lehigh Valley Med. Assocs., P.C*, 805 A 2d 579, 591 (Pa. Super. 2002). Finally, expert testimony is required to establish that the plaintiff's injuries were caused by the defendant's failure to adhere to the appropriate standard of care. *Catlin*, 56 A 3d at 920; *Grossman*, 868 A 2d at 566.

Only in circumstances where the matter is so straightforward such that the defendant's lack of skill or care is deemed to be within the range of the comprehension and experience of an ordinary person with no medical experience, does a plaintiff not have to present expert testimony on a core issue, *Masgai v Franklin*, 787 A 2d 982 (Pa. Super. 2001) ( the court granted summary judgment in favor of the defendant where the plaintiff failed to timely submit an expert report supporting claims that the defendant negligently performed a laparoscopic cholecystemomy , the same procedure at issue in this case); *Toogood v Owen J Rogal, D. D. S., P. C.*, 824 A 2d 1140, 1146 (Pa. 2003).

7

In this case the plaintiff has set forth in her complaint numerous allegations of negligence as more specifically described above. There is nothing in the record provided by the plaintiff that would give any indication that an ordinary layperson serving on a jury would be able to determine that any of those assertions on their face would properly lead to an inference that Dr. Ali was negligence. The doctrine of *res ipsa loquitur* does not alter the burden of proof that the plaintiff bears. Rather it allows a case to go forward without direct evidence of negligence in the form of medical testimony with an "inference" of negligence. *Toogood*, 824 A 2d 1140 (Pa. 2003)

Specifically, Ms. Muhammad has claimed that Dr. Ali improperly placed surgical clips, failed to switch to an open procedure from a laparoscopic procedure and failed to appreciate and treat plaintiff's post-operative complaints of pain. Each of those claims obviously implicates medical judgment and skill that would require professional medical evaluation. A lay person without knowledge concerning appropriate surgical technique and care in a gall bladder removal would not be able to infer that negligence occurred without an evidentiary record that included facts indicating why the alleged errors were of such an obvious nature that an ordinary person could reasonably find negligence where no expert supported that conclusion. *Toogood*, 824 A 2d 1140 (Pa 2003) (*res ipsa loquitur* applies only in matters where the standard of care, breach of that standard, and causation are obvious). This record is insufficient to allow a jury to conclude that the "event is of a kind which ordinarily does not occur in the absence of negligence." Restatement (Second) of Torts § 328D(a).

This analysis is equally applicable to the plaintiff's claims concerning the consequences of the alleged negligence. A jury would not be able to conclude without expert testimony that the asserted negligence necessitated a hepatic lobectomy and resection of the bile duct or led

8

to chronic gastrointestinal illness, decompensation of her liver, and aggravation of her Hepatitis C and the necessity of a liver transplant

It is also apparent that there is nothing in the record outside the allegations of the complaint to support predicate facts as well. For example there is no factual information to support the allegation that Dr. Ali, whether negligent or not, didn't appreciate post operative complaints of pain or that he encountered difficulty in identifying the plaintiff's anatomy. Ms. Muhammad has not submitted any deposition testimony, affidavits or other proper evidentiary information in support of her position.

It is apparent that Ms. Muhammad has not met her burden of establishing a sufficient factual record to meet her burden of proof as it exists in the posture of this case. While she is not obligated to prove her case on summary judgment in the same manner as would be required at the time of trial she does have to demonstrate that the factual record indicates that there are material factual disputes that would justify a trial. Here without any expert evaluation and no other evidentiary manifestations of what actually occurred during the course of her care by Dr. Ali outside her initial pleading, the defendant is entitled to summary judgment an appropriate order will be entered accordingly.

John A Bozza
Senior Judge

9

FATIMA MUHAMMAD,
Plaintiff

v

AMJAD ALI, M D ,
Defendant

IN THE COURT OF COMMON PLEAS

OF ERIE COUNTY, PENNSYLVANIA

No 12078 - 2011

## ORDER

AND NOW, this 23 day of September 2015, upon consideration of the Defendant's Motion for

Preclusion of Expert Testimony and Motion for Summary Judgement, and for the reasons set

forth in this Court's Memorandum, it is hereby **ORDERED, ADJUDGED and DECREED** that

the Defendant's Motion for Preclusion of Expert Testimony and Motion for Summary Judgement

is **GRANTED.**

BY THE COURT

John A Bozza, Senior Judge

cc      Fatimah Muhammad, Pro Se
        c/o     1920 Woodland Avenue
                Erie, PA 16510

        Lisa Smith Presta, Esquire

